PER CURIAM: **
In this § 2255 proceeding, Jorge Garcia raises a claim of ineffective assistance of counsel under the Sixth Amendment based on his trial counsel’s alleged failure to advise him about the consequences of proceeding to trial rather than pleading guilty. Without holding an evidentiary hearing, the district court denied the claim. Because there is a material fact-issue as to the advice, if any, provided to Garcia by his trial counsel, the record does not “conclusively show that [Garcia] is entitled to no relief.” See 28 U.S.C. § 2255. Consequently, the district court abused its discretion in denying Garcia’s § 2255 motion without an evidentiary hearing. (“Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.”). '
We, therefore, VACATE the district court’s order denying Garcia’s § 2255 motion and REMAND the case for further proceedings, including an appropriate hearing to resolve all material factual disputes related to Garcia’s claim.[1] We express no view on the merits.
VACATED AND REMANDED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. We vacate only that portion of the district court’s order dealing with Ground 1 of Garcia's § 2255 motion (i.e., the claim of ineffective assistance of counsel related to advising Garcia whether to plead guilty).